No. 25-3908

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

JEANETTE STEVENS T/A ELM CO. and DAVID GOULD,
*Appellants-Objectors*,

v.

MEOR ADLIN, *et al.*,
*Appellees-Plaintiffs*.

Appeal from the United States District Court
for the Northern District of California, San Francisco Division
Hon. Charles R. Breyer
D.C. No. 3:07-cv-05634

## APPELLEES-PLAINTIFFS' MOTION FOR SUMMARY AFFIRMANCE
## OF DISTRICT COURT'S ELM CO. ORDER AND GOULD ORDER

Adam J. Zapala
Elizabeth T. Castillo
**COTCHETT, PITRE &
McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Christopher L. Lebsock
Jeannine M. Kenney
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
clebsock@hausfeld.com
jkenney@hausfeld.com

*Attorney for Appellees-Plaintiffs*

# TABLE OF CONTENTS

**Page(s)**

I.     GROUNDS FOR THE MOTION ....................................................1

II.    STATEMENT OF RELEVANT FACTS........................................4

     A.    Background on the Underlying Litigation and Settlement Administration Process ........................................................4

     B.    Background on Elm Co. .......................................................7

     C.    Background on David Gould................................................10

III.   LEGAL STANDARD ..................................................................10

IV.   ARGUMENT................................................................................12

     A.    Both Elm Co. and Gould Lack Standing.............................12

     B.    Elm Co.'s Objection Lacks Merit .......................................14

     C.    Additionally, Elm Co.'s Appeal Must Be Dismissed Because the Company Must Be Represented by Counsel.......................................15

V.    CONCLUSION............................................................................16

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bonilla v. Holder*,
317 Fed. Appx. 710 (9th Cir. 2009) ..............................................11

*Bros. Keeper Ministries v. United States*,
No. 25-1864, 2025 WL 1723174 (9th Cir. May 23, 2025) ..........................15

*Burke v. Barnes*,
479 U.S. 361 (1987)..............................................................14

*In re: Cathode Ray Tube (CRT) Antitrust Litig.*,
No. C-07-5944 JST, 2016 WL 3648478 (N.D. Cal. July 7,
2016), *dismissed sub nom. In re Cathode Ray Tube (CRT)
Antitrust Litig.*, No. 16-16368, 2017 WL 3468376 (9th Cir.
Mar. 2, 2017) ...................................................................12

*Claimant ID 100212278 v. BP Exploration & Production, Inc.*,
848 F.3d 407 (5th Cir. 2017) ...............................................11, 14

*D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*,
366 F.3d (9th Cir. 2004) ......................................................15

*Dennings v. Clearwire Corp.*,
No. 13-35038, 2013 WL 12233931 (9th Cir. Apr. 22, 2013) .....................12

*Devlin v. Scardelletti*,
536 U.S. 1 (2002)..............................................................11

*Dunn v. Wells Fargo Bank, N.A.*,
No. 20-1080, 2020 WL 1066008 (7th Cir. Feb. 25, 2020)........................12

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*,
33 F.3d 29 (9th Cir. 1994) .................................................12, 13

*Glasser v. Volkswagen of Am., Inc.*,
645 F.3d 1084 (9th Cir. 2011) ................................................12

ii

*Hollingsworth v. Perry*,
    570 U.S. 693 (2013)..................................................................................13

*Lane v. Facebook, Inc.*,
    696 F.3d 811 (9th Cir. 2012) ................................................................11

*In re Transpacific Passenger Air Transp. Antitrust Litig.*,
    69 F. Supp. 3d 940 (N.D. Cal. 2014), *aff'd and remanded sub*
    *nom. Wortman v. All Nippon Airways*, 854 F.3d 606 (9th Cir.
    2017) ........................................................................................................4

*In re Transpacific Passenger Air Transp, Antitrust Litig.*,
    701 F. App'x 554 (9th Cir. 2017)............................................................4

*In re Transpacific Passenger Air Transp. Antitrust Litig.*,
    No. 22-16634, 2022 WL 19569845 (9th Cir. Dec. 8, 2022) ...................4

*In re Transpacific Passenger Air Transp. Antitrust Litig.*,
    2024 WL 810703 (9th Cir. Feb. 27, 2024), *cert. denied sub nom*
    *Xanadu Corp v. Adlin*, 145 S. Ct. 278 (2024) ...........................4, 6

*United States v. Hooton*,
    693 F.2d 857 (9th Cir. 1982) (per curiam) ...........................11, 14

**Statutes**

28 USC § 1651 ...............................................................................1, 2

**Rules**

Ninth Cir. Rule 3 ............................................................................1, 11

**Other Authorities**

Newberg and Rubenstein on Class Actions
    § 14:19 (6th ed.) .........................................................................11, 15

## I.    GROUNDS FOR THE MOTION[1]

Pursuant to Ninth Circuit Rule 3-6, Plaintiffs-Appellees respectfully move for summary affirmance of the district court's (1) Elm Co. Order, which merely reaffirms that Settlement Class Counsel ("Class Counsel") and the settlement administrator, Rust Consulting, Inc. ("Rust"), may re-examine suspicious claims to class action settlements,[2] and (2) Gould Order, which simply finds that the district court was satisfied with the progress made by Class Counsel and Rust towards the secondary distribution of remaining settlement funds in this complex and long-running antitrust class action.[3]

---

[1] All ECF references are to the underlying antitrust class action, D.C. No. 3:07-cv-05634-CRB. Appellees-Plaintiffs attach ECFs relevant to this motion as exhibits to the Declaration of Elizabeth T. Castillo ("Castillo Decl.") in support of this motion.

[2] The "Elm Co. Order" refers to the district court's Order Overruling "Objection Pursuant to 28 USC 1651" (May 29, 2025), ECF No. 1413, which overruled Elm Co.'s objection. *See* Castillo Decl., Ex. I.

[3] The "Gould Order" refers to the district court's Order Denying Motion to Compel Strict Compliance with Second Distribution Order (May 29, 2025), ECF No. 1412, which denied Gould's motion for reconsideration of the order immediately referenced below. *See* Castillo Decl., Ex. M.

Gould also purportedly appeals the district court's Order Denying Motion to Compel Prompt Compliance with Second Distribution Order (May 5, 2025), ECF No. 1405 ("Order Denying Gould Motion to Compel"). *See* Castillo Decl., Ex. E. The deadline to appeal that order was June 4, 2025 pursuant to Federal Rule of Appellate Procedure ("Rule") 4(a)(1)(A), and Gould did not file his Notice of Appeal until June 29, 2025. *See* Castillo Decl., Ex. O (David Gould's Notice of Appeal (June 29, 2025), ECF No. 1418 ("Gould Notice of Appeal")).

Specifically, in connection with the secondary distribution, Appellant-Objector Jeanette Stevens t/a Elm Co. ("Elm Co.") objected to Rust's audit of its claim to share in the secondary distribution on the ground that the district court allegedly "did not authorize new audits" of claims,[4] which the district court overruled.[5] Elm Co. now appeals that decision.[6] It is readily apparent from the Elm Co. Order—the district court's written decision overruling the Elm Co. Objection—that Rust *did have authority to audit and re-examine* Elm Co's claim.[7] Specifically, the Elm Co. Order states, "[I]t has always been this Court's understanding that Rust and Class Counsel are responsible for only paying qualified claimants, and that the re-examination of suspicious claims is part and parcel of that responsibility."[8] Elm Co. suffered no injury sufficient to vest it with standing simply because the Court confirmed that Rust had the authority to audit claims. Instead, its appeal arises from Rust's subsequent decision to reject Elm Co.'s claim to participate in the secondary distribution process. And Rust's decision was a direct and immediate consequence

---

[4] Castillo Decl., Ex. F (Elm Co. Obj. (May 9, 2025), ECF No. 1406). *See also id.*, Ex. G (Plaintiffs' Response to the Objection by Jeanette Stevens t/a Elm Co. (May 13, 2025), ECF No. 1407 ("Rsp. to Elm Co. Obj.")); Ex. H (Elm Co.'s Reply in Support of Petition/Objection Pursuant to 28 USC 1651 (May 20, 2025), ECF No. 1409).

[5] *Id.,* Ex. I (Elm Co. Order).

[6] *Id.*, Ex. N (Elm. Co.'s Notice of Appeal (June 11, 2025), ECF No. 1415 ("Elm Co. Notice of Appeal")).

[7] *Id.*, Ex. I (Elm Co. Order).

[8] *Id.* at 1-2.

of *Elm Co.'s* failure to engage in that audit process at all despite a written warning that refusal to do so may result in the rejection of Elm Co.'s claim. At bottom, Elm Co. invited the harm underpinning its appeal and, in doing so, it also failed to demonstrate that it had standing to object to the Elm Co. Order.

Appellant-Objector David Gould ("Gould") moved the district court for an order compelling Class Counsel and the settlement administrator, Rust, to promptly make the secondary distribution.[9] The district court denied that motion.[10] Gould then subsequently moved for reconsideration of that denial,[11] which the district court also denied.[12] Gould now appeals those denials.[13] Gould's appeal is indisputably moot

---

[9] *Id.,* Ex. B (David Gould's Motion to Compel Prompt Compliance with Second Distribution Order (Apr. 23, 2025), ECF No. 1400 ("Gould Mot. to Compel")); Ex. C (Plaintiffs' Response to Objector and Claimant David Gould's Motion to Compel Prompt Compliance with Second Distribution Order (Apr. 29, 2025), ECF No. 1403); Ex. D (David Gould's Reply in Support of Motion to Compel Prompt Compliance with Second Distribution Order (May 5, 2025), ECF No. 1404).

[10] *Id.,* Ex. E (Order Denying Gould Motion to Compel).

[11] *Id.*, Ex. J (David Gould's Motion to Compel Strict Compliance with Secondary Distribution Order; Motion to Comply with Mandate; Motion for Reconsideration; and Objections (May 19, 2025), ECF No. 1408 ("Gould Mot. for Reconsideration")); Ex. K (Plaintiffs' Response to Objector David Gould's Motion to Compel Strict Compliance with Second Distribution Order; Motion to Comply with Mandate; Motion for Reconsideration; and Objections (May 22, 2025), ECF No. 1410); Ex. L (David Gould's Reply in Support of Motion to Compel Strict Compliance with Second Distribution Order; Motion to Comply with Mandate; Motion for Reconsideration; and Objections).

[12] *Id.,* Ex. M (Gould Order).

[13] *Id.,* Ex. O (Gould Notice of Appeal).

because Rust made the secondary distribution on June 27, 2025, which included issuing a payment to Gould on that date.[14]

There is simply no standing sufficient to support Elm Co. and Gould's appeals, and summary affirmance is warranted to bring the nearly 20-year-old underlying litigation to a close.

## II.    STATEMENT OF RELEVANT FACTS

### A.    Background on the Underlying Litigation and Settlement Administration Process

Appellees-Plaintiffs are class representatives of certified classes of persons and entities that directly purchased tickets for passenger air transportation between the United States and Asia/Oceania from certain airlines in the underlying antitrust class action filed in 2007 and fully settled in 2019.[15] After years of vigorous litigation, including a certified litigation class and multiple trips to the Ninth Circuit,[16] Class Counsel and the Classes secured $148 million in settlements, much

---

[14] *See* Decl. of Joel K. Botzet ("Botzet Decl.") ¶ 4.

[15] *See* Pls.' Second Amended Consol. Class Action Compl. (Nov. 22, 2013), ECF No. 741; Order Granting Mot. for Class Certification (Aug. 8, 2018), ECF No. 1224.

[16] *See In re Transpacific Passenger Air Transp, Antitrust Litig.*, 701 F. App'x 554 (9th Cir. 2017); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, 69 F. Supp. 3d 940 (N.D. Cal. 2014), *aff'd and remanded sub nom. Wortman v. All Nippon Airways*, 854 F.3d 606 (9th Cir. 2017); *see also In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 22-16634, 2022 WL 19569845, at *1 (9th Cir. Dec. 8, 2022); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2024 WL 810703, at *1 (9th Cir. Feb. 27, 2024), *cert. denied sub nom. Xanadu Corp v. Adlin*, 145 S. Ct. 278 (2024).

of which came with trial looming.[17] All the settlements reached in this matter have long since been finally approved by the district court, and there are no appeals pending on any settlement approval issues. *Id.*

After final approval of all settlements in this matter, Rust engaged in a lengthy and laborious settlement administration process that remains ongoing.[18] On Plaintiffs' motion, the district court authorized the distribution of net settlement funds to settlement class members on February 3, 2022.[19] The initial distribution occurred on March 17, 2022.[20] After the initial distribution, as is typical in class action litigation, a number of claimants did not cash their checks, leaving remaining net settlement funds of $5,448,087.41.[21]

---

[17] *See* Order Granting Motion for Final Approval and Granting Mot. for Fees (May 26, 2015), ECF No. 1009; Order Granting Final Approval of Settlements with Defendants Philippine Airlines, Inc., Air New Zealand Ltd., China Airlines, Ltd., and EVA Airways Corp. (Oct. 11, 2018), ECF No. 1259; Order Granting Final Approval of Settlement with Defendant All Nippon Airways Co., Ltd. (Dec. 3, 2019), ECF No. 1318.

[18] *See, e.g.*, Corrected Decl. of Joel K. Botzet Re: Claims Administration and Distribution of Net Settlements Funds (Mar. 8, 2022), ECF No. 1330-1.

[19] *See* Order Granting Pls.' Mot. to Distribute Settlement Funds and Overruling the Objection (Feb. 3, 2022), ECF No. 1327.

[20] *See* Pls.' Notice of Post-Distribution Accounting (Apr. 7, 2022), ECF No. 1333.

[21] *See* Pls.' Mot. for Secondary Distribution of Remaining Settlement Funds and for Attys' Fees and Reimbursement of Expenses (Aug. 8, 2022), ECF No. 1347.

On Plaintiffs' motion, the district court authorized the secondary distribution on January 19, 2023.[22] Certain objectors, including Gould, delayed the secondary distribution by almost two years by appealing that order.[23] Rust began preparing for the secondary distribution in late 2024 but, due to circumstances out of its control, had to delay the secondary distribution until June 27, 2025.[24] During the intervening period, based on information received about a criminal investigation into false or fraudulent claims filing activity, Rust re-examined 17 previously approved claims, including Elm Co.'s claim, because these claims aroused suspicion of potential fraud.[25]

---

[22] Castillo Decl., Ex. A (Order Granting Pls.' Mot. for Secondary Distribution of Remaining Settlement Funds and Request for Attys' Fees and Reimbursement of Expenses (ECF No. 1378) ("Secondary Distribution Order")).

[23] Specifically, objectors and claimants Xanadu Corp. and Gould appealed the Secondary Distribution Order despite Xanadu Corp.'s lack of standing. *In re Transpacific Passenger Air Transp. Antitrust Litig.,* No. 23-15118, 2024 WL 810703, at *1 (9th Cir. Feb. 27, 2024), *cert. denied sub nom. Xanadu Corp v. Adlin*, 145 S. Ct. 278 (2024).

This Court affirmed the district court's order, including Xanadu Corp.'s lack of standing, on February 27, 2024, and the Supreme Court of the United States denied Xanadu Corp. and Gould's petition for a writ of certiorari on October 7, 2024. *See In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2024 WL 810703, at *1 (9th Cir. Feb. 27, 2024), *cert. denied sub nom. Xanadu Corp v. Adlin*, 145 S. Ct. 278 (2024).

[24] Botzet Decl. ¶ 5.

[25] *See*, *infra*, § II.B; Botzet Decl. ¶ 6; Castillo Decl., Ex. G (Rsp. to Elm Co. Obj.) at 3.

**B.    Background on Elm Co.**

Elm. Co. submitted a claim to the settlement funds in the underlying antitrust class action.[26] It is purportedly a Costa Rica company with a Costa Rica address.[27] Elm Co. submitted a claim for 1,782 tickets, including 212 fuel surcharge tickets, which are U.S.-originating travel to Japan on Japan Airlines and All Nippon Airways flights between February 1, 2005 and December 31, 2007 that included a fuel surcharge.[28] In response to Rust's initial audit in 2020, Elm Co. submitted a 1.5-page affidavit in support of its claim signed by a person claiming to be "Jeannette Stevens," Elm Co.'s purported Managing Director.[29] Elm Co. provided no other documentation, such as receipts showing ticket purchases, cancelled checks, credit card statements, travel itineraries, or email confirmation of ticket purchases.[30,31] Nevertheless, based on Ms. Stevens' affidavit attesting that Elm Co.'s number of tickets claimed is accurate, Rust initially approved Elm Co.'s claim and made an

---

[26] Castillo Decl., Ex. G (Rsp. to Elm Co. Obj.) at 3.

[27] Elm Co.'s Objection lists its address as Elm, Apartado 10210-1000, San Jose, Costa Rica, SC 10102. *Id.*, Ex. F (Elm Co. Obj.) at 5-6.

[28] *Id.*, Ex. G (Rsp. to Elm Co. Obj.) at 3.

[29] *Id.*

[30] *Id.*

[31] Additionally, Elm Co. has made no attempt to explain how or why a purported Costa Rican company had so much U.S. originating travel to Japan, given there are no records of its existence in the United States and no record of employees working there.

initial distribution to settlement class members, including a substantial distribution to Elm Co., in March 2022.[32]

In early 2025, in preparation for the secondary distribution, Rust re-examined Elm Co.'s claim.[33] Elm Co.'s number of claimed tickets, particularly fuel surcharge tickets for U.S.-originating travel to Japan, aroused suspicion given Elm Co.'s purported status as a Costa Rica company with a Costa Rica address.[34] Furthermore, Rust was unable to confirm through its own investigatory efforts Elm Co.'s existence or business purpose, or the likelihood it purchased many hundreds of tickets for transpacific air travel.[35] Additionally, Elm Co.'s address does not appear on Google Maps.[36] Taken together, these facts raised questions about the legitimacy of Elm Co.'s claim.[37]

On March 24, 2025, Rust emailed and mailed Elm Co. an audit letter requesting additional information to validate its claim; Rust requested a response by April 24, 2025.[38] This audit letter stated, "Failure to respond with the requested information by the deadline may result in ELM CO's claim being ineligible for the

---

[32] Botzet Decl. ¶ 7.
[33] Castillo Decl., Ex. G (Rsp. to Elm Co. Obj.) at 3.
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] *Id.* at 4.

Secondary Distribution."[39] Elm Co. failed to respond by that date.[40] In fact, Elm Co. never substantively responded to this audit letter or provided any additional information to validate Elm Co.'s claim.[41] On May 2, 2025, Rust emailed and mailed a final determination letter to Elm Co. in which Rust denied Elm Co.'s claim to the secondary distribution due to Elm Co.'s failure to provide additional information to establish the validity of its claim.[42]

In response to Rust's May 2, 2025 email, Ms. Stevens replied on the same day, questioning Rust's authority to audit Elm Co.'s claim.[43] Elm Co. then filed an objection with the district court on May 9, 2025 asserting a single basis for its objection—*i.e.*, the district court allegedly "did not authorize new audits" of claims.[44] The district court promptly denied Elm Co.'s objection that Class Counsel and Rust could not re-audit its claim on May 29, 2025, finding that "Rust and Class Counsel are responsible for only paying qualified claimants, and that the re-examination of suspicious claims is part and parcel of that responsibility."[45] Rust

---

[39] *Id.*

[40] *Id.*

[41] Botzet Decl. ¶ 8.

[42] Castillo Decl., Ex. G (Rsp. to Elm Co. Obj.) at 4.

[43] *Id.*, Decl. of Joel K. Botzet in Support of Pls.' Rsp. to Elm Co. Obj., Ex. 4 (Correspondence between Rust and Elm Co. from March 25, 2025 to May 6, 2025).

[44] Castillo Decl., Ex. F (Elm Co. Obj).

[45] Castillo Decl., Ex. I (Elm Co. Order).

made a secondary distribution on June 27, 2025.[46] Elm Co. did not receive any payment from this secondary distribution.[47]

### C.    Background on David Gould

Gould submitted a claim to the settlement funds in the underlying antitrust class action.[48] Like Elm Co., Gould is allegedly based in Costa Rica.[49] His claim included 96 tickets on various airlines, including allegedly eight *Satogaeri* tickets.[50] Gould's claimed tickets fell under the audit threshold, and Rust therefore did not audit him.[51] On March 17, 2022, Rust mailed Gould an initial distribution check, which he cashed on May 31, 2022.[52] On June 27, 2025, Rust mailed Gould a secondary distribution check, which he cashed on August 12, 2025.[53] There is no additional correspondence between Gould and Rust.[54]

## III.   LEGAL STANDARD

This Court may summarily dispose of an appeal at "any time prior to the completion of briefing" when "…it is manifest that the questions on which the decision in the appeal depends are so insubstantial as not to justify further

---

[46] Botzet Decl. ¶ 4.
[47] *Id.*
[48] *Id.* ¶ 9.
[49] Castillo Decl., Ex. O (Gould Notice of Appeal).
[50] Botzet Decl. ¶ 10.
[51] *Id.* ¶ 11.
[52] *Id.* ¶ 12.
[53] *Id.* ¶ 13.
[54] *Id.* ¶ 14.

proceedings[.]" Ninth Cir. R. 3-6. "Where the outcome of a case is beyond dispute, a motion for summary disposition is of obvious benefit to all concerned." *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam) (stating standard). This Court grants summary disposition when "the questions raised by this [appeal] are so insubstantial as not to require further argument." *Bonilla v. Holder*, 317 Fed. Appx. 710, 711 (9th Cir. 2009).

Summary affirmance now, prior to merits briefing, is appropriate because the Elm Co. and Gould Objections easily fit within the standard of "so insubstantial as not to require further argument." *Id.* And the denial of their objections is the only ground on which they can base this appeal. *See Devlin v. Scardelletti*, 536 U.S. 1, 9 (2002) (an objector "will only be allowed to appeal that aspect of the District Court's order that affects him - the District Court's decision to disregard his objections.").

Appellate courts review trial court decisions administering settlements for an abuse of discretion. *Claimant ID 100212278 v. BP Exploration & Production, Incorporated*, 848 F.3d 407, 410 (5th Cir. 2017); 4 Newberg and Rubenstein on Class Actions § 14:19 (6th ed.). Consequently, this Court will reverse the Elm Co. Order and Gould Order "only upon a strong showing that the district court's decision was a clear abuse of discretion." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012).

11

Appellate courts have regularly granted summary affirmance to stave off unmeritorious objections in class actions. *See Dennings v. Clearwire Corp.*, No. 13-35038, 2013 WL 12233931, at \*1 (9th Cir. Apr. 22, 2013) (dismissing appeal by objector where "[a] review of the record, the motion for summary affirmance, and the opposition and reply thereto, demonstrates that the questions raised in this appeal are so insubstantial as not to require further argument."); *Dunn v. Wells Fargo Bank, N.A.*, No. 20-1080, 2020 WL 1066008, at \*1 (7th Cir. Feb. 25, 2020) (dismissing appeal by objector and holding that "[s]ummary disposition is appropriate 'when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.").

## IV.    ARGUMENT

### A.    Both Elm Co. and Gould Lack Standing

Only class members may submit objections. *See Glasser v. Volkswagen of Am., Inc.*, 645 F.3d 1084, 1086, 1089 (9th Cir. 2011) (dismissing objector's appeal for lack of standing). And only "aggrieved class member[s]" have standing to object. *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig. (In re First Capital)*, 33 F.3d 29, 30 (9th Cir. 1994). Each appellant-objector must prove that it has standing to object (*i.e.*, that it is an aggrieved class member). *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944 JST, 2016 WL 3648478, at \*23 (N.D. Cal. July 7, 2016), *dismissed sub nom. In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 16-

16368, 2017 WL 3468376 (9th Cir. Mar. 2, 2017). Constitutional standing requirements apply on appeal as well. *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013); *In re First Capital*, 33 F.3d at 30.

In light of these basic principles of standing, it is clear that Elm Co. failed to establish its right to claim a portion of the secondary distribution at the time Rust notified the company that it was subject to audit. In connection with the secondary distribution, Rust emailed and mailed Elm Co. an audit letter on March 24, 2025 requesting additional information to validate its claim by April 24, 2025.[55] This audit letter stated, "Failure to respond with the requested information by the deadline may result in ELM CO's claim being ineligible for the Secondary Distribution."[56] Elm Co. neither substantively responded to this audit letter nor provided any additional information to validate its claim.[57] Rust found that Elm Co. was not a settlement class member and denied its claim to the secondary distribution. Elm Co. invited the consequences that necessarily followed when it failed to participate in the audit. And that same shortcoming now prevents it from establishing its standing to appeal the Elm Co. Order confirming Rust's right to audit.

Similarly, Gould cannot appeal the Gould Order or the Order Denying Gould Motion to Compel because he is not an aggrieved settlement class member. Rust

---

[55] Castillo Decl., Ex. G (Rsp. to Elm Co. Obj.) at 4.

[56] *Id.*

[57] Botzet Decl. ¶ 8.

13

mailed Gould an initial distribution check on March 17, 2022, which he cashed on May 31, 2022.[58] Rust mailed Gould a secondary distribution check on June 27, 2025, which he cashed on August 12, 2025.[59] Furthermore, this Court cannot grant the relief he seeks—the prompt secondary distribution—because it has already occurred. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987) ("Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there may have been a live case or controversy when the case was decided by the court whose judgment this Court is reviewing.").

### B.    Elm Co.'s Objection Lacks Merit

Regardless of whether Elm Co. can establish standing, the company's objection to the district court's approval of Rust's re-examination of claims in connection with the secondary distribution (*i.e.*, the Elm Co. Order) is reviewed for an abuse of discretion. Here, Rust was informed of a potential fraud relating to the settlement funds that warranted a further audit and then acted in accordance with the power vested in it by the district court.[60] That is hardly the subject of a meritorious appeal. *See Hooton*, 693 F.2d at 858 (granting summary affirmance where "outcome of a case is beyond dispute"); *Claimant ID 100212278*, 848 F.3d at 410 (noting appellate courts review district court decisions administering settlements for an

---

[58] Botzet Decl. ¶ 12.
[59] *Id.* ¶ 13.
[60] Castillo Decl., Ex. F (Elm Co. Obj.).

14

abuse of discretion); *see also* 4 Newberg and Rubenstein on Class Actions § 14:19 (6th ed.).

### C. Additionally, Elm Co.'s Appeal Must Be Dismissed Because the Company Must Be Represented by Counsel

In addition to the shortcomings discussed *supra*, Elm Co. has not retained counsel. Ms. Stevens submitted a claim to the settlement funds on behalf of Elm Co.[61] and filed a Notice of Appeal on behalf of Elm Co.[62] "[C]orporations and other unincorporated associations must appear in court through an attorney." *Bros. Keeper Ministries v. United States*, No. 25-1864, 2025 WL 1723174, at *1 (9th Cir. May 23, 2025) (citing *D-Beam Ltd. P'ship*, 366 F.3d at 973-74). Ms. Stevens is a non-attorney and may not represent Elm Co. in court—and it is Elm Co., itself that is the alleged class member because it is alleged that Elm Co., not Jeannette Stevens, made qualifying purchases.[63] No attorney has entered a formal appearance on behalf of Elm Co. or undertaken its representation, presenting an additional reason for the Court to dismiss its appeal. *Id.*, at *1 (dismissing appeal because appellant Brothers Keeper Ministries failed to obtain counsel).

---

[61] *Id.*, Ex. G (Rsp. to Elm Co. Obj.) at 3.
[62] *Id.*, Ex. N (Elm Co. Notice of Appeal).
[63] Botzet Decl. ¶ 7.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff-Appellees respectfully request that this Court summarily affirm the district court's Elm Co. Order and Gould Order.

Dated: August 19, 2025          **COTCHETT, PITRE & McCARTHY, LLP**

*/s/ Elizabeth T. Castillo*
Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com

**HAUSFELD LLP**

*/s/ Christopher L. Lebsock*
Christopher L. Lebsock
Jeannine M. Kenney
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
clebsock@hausfeld.com
jkenney@hausfeld.com

*Attorney for Appellees-Plaintiffs*

16

## CERTIFICATE OF COMPLIANCE

Pursuant to the Federal Rules of Appellate Procedure, I certify that:

I am one of the attorneys for Appellees-Plaintiffs.

This brief contains 3,738 words, excluding the items exempted by Federal Rule of Appellate Procedure ("Rule") 32(f). The brief's type size and typeface comply with Rule 27(d)(2)(A).

I certify that this brief complies with Circuit Rule 32-1.

Dated: August 19, 2025          **COTCHETT, PITRE & McCARTHY, LLP**

/s/ *Elizabeth T. Castillo*
Elizabeth T. Castillo

*Counsel for Appellees-Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2025, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

**COTCHETT, PITRE & McCARTHY, LLP**

/s/ *Elizabeth T. Castillo*
Elizabeth T. Castillo

*Counsel for Appellees-Plaintiffs*